**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ANDIEL YOEL FERNANDEZ LEYVA,

Petitioner,

v.

Case No. 2:26-cv-02536-MIS-KRS

TODD BLANCHE, Attorney General of the United States; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, El Paso Field Office Acting Director, Enforcement and Removal Operations; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and WARDEN, Otero County Processing Center,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Andiel Yoel Fernandez Leyva's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed August 3, 2026. Petitioner is a citizen of Cuba who has resided in the United States since May 4, 2024. Pet. at 6. He has no criminal history. Id. at 6. Nevertheless, on June 8, 2026, Petitioner was detained by U.S. Immigration and Customs Enforcement. Id. at 2. He has apparently been detained ever since and is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Id. at 1. Prior to his arrest he was not provided a bond hearing. Id. at 3, 6. Petitioner argues that his detention without pre-deprivation notice and a bond hearing violates his Fifth Amendment right to due process. Id. at 6. He seeks immediate release from detention. Id. at 7.

On August 4, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 3. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, [180 F. 4th 1226] (10th Cir. 2026), requires relief." Id.

On August 18, 2026, the federal Respondents filed a "Response to [the] Petition." ECF No. 6. Therein, they state:

> For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner.

Id. at 1-2 (citing Santillan Quiroz v. Mullin, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026)).

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession that Petitioner is being detained in violation of his Fifth Amendment right to due process.

Indeed, in Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is precisely the situation presented by this case.

Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 6. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Andiel Yoel Fernandez Leyva from custody/detention without restraints beyond those that existed before his unlawful detention;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE